**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
Corey Feltre
Arizona Bar No. 034966
Stanley Lubin
Arizona Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey Howard, and Phil Martinez, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Web.com Group, Inc., A Florida Corporation,<br><br>Defendant. | No._____<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs Casey Howard ("Howard") and Phil Martinez ("Martinez") (collectively "Plaintiffs") bring this action individually and on behalf of all current and former call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Web.com Group, Inc. (hereinafter "Defendant" or "Web.com"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, *et seq.*, and the Arizona Fair Wages and Healthy Families Act ("Arizona Act"), A.R.S. § 23-350 *et. seq.*

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their state law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state law of Arizona.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Web.com in call centers at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Web.com has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay.

4. In addition, Web.com failed to include commission payments in its calculations of Plaintiffs and the Putative Class Members' regular rate(s), thereby creating a miscalculation of Plaintiffs and the Putative Class Members' regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Web.com's illegal company-wide policies have caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

6. Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Web.com has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek on a routine and regular basis during the relevant time periods.

8. Plaintiffs and the Putative Class Members did not, and currently do not, perform work that meets the definition of exempt work under the FLSA or the state law of Arizona.

9. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Arizona state-law claims as a class action pursuant to Rule 23.

10. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiff Howard designated herein be named as Class Representative for the Arizona Class.

## II.
## THE PARTIES

12. Plaintiff Casey Howard ("Howard") was employed by Web.com in Arizona during the relevant time period. Plaintiff Howard did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. Plaintiff Phil Martinez ("Martinez") was employed by Web.com in Arizona during the relevant time period. Plaintiff Martinez did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] The written consent of Casey Howard is hereby attached as Exhibit "A."

[2] The written consent of Phil Martinez is hereby attached as Exhibit "B."

4

14. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Web.com at any time from January 30, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and was paid.

15. The Arizona Class Members are those current and former hourly call-center employees who were employed by Web.com at any time from January 30, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Howard worked and was paid.

16. Defendant Web.com, Inc. ("Web.com") is a Foreign for-profit corporation and is not registered with the Arizona Corporation Commission. Defendant Web.com may be served through the Arizona Corporation Commission—Records Section at 1300 W. Washington St, Phoenix, Arizona 85007, pursuant to the Arizona Long Arm statute. *See* Ariz. R. Civ. P. 4.2. Plaintiffs therefore request the Arizona Corporation Commission to serve Defendant Web.com Group, Inc. through its registered agent, **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525**.

### III.
### JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional state law claim pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over Web.com because the cause of action arose within this District as a result of Web.com's conduct within this District.

20. Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Web.com has maintained a working presence throughout the State of Arizona (and the United States), and Plaintiffs Howard and Martinez worked in Scottsdale, Arizona throughout their employment with Web.com, all of which is located within this District.

22. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23. Web.com provides website development and marketing services to its clients at its call centers.[3]

24. Plaintiffs and the Putative Class Members' job duties consisted of making calls to potential clients in order to sell them Web.com's suite of website services, including services relating to website creation and maintenance and increasing client exposure on popular search engines like Google.com and Bing.com.

25. Plaintiff Howard was employed by Web.com as a Sales Associate in Scottsdale, Arizona from approximately January 2018 through July 2018.

26. Plaintiff Martinez was employed by Web.com as a Sales Associate in Scottsdale, Arizona from approximately January 2018 through September 2018.

---

[3] https://www.web.com

27. Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour, plus commissions received from sales.

28. Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

29. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often worked more than two (2) hours "off-the-clock" per week and have not been compensated for that time.

30. Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Web.com as a result of Web.com's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

31. Specifically, Plaintiffs and the Putative Class Members were required to start and log in to their computers, open and log in to the Web.com portal, and then open and log in to the ADP application that Web.com's employees use to clock in for work—all of which can take up to twenty-five minutes—before they are able to make their first phone call at the official start of their shift.

32. During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

33. As such, Web.com required (and continues to require) that Plaintiffs and the Putative Class Members perform these start up tasks "off-the-clock" (and without pay) before their official shift begins.

34. In addition, Web.com failed to include all commission payments in Plaintiffs and the Putative Class Members' regular rates of pay before applying any overtime multipliers, in violation of 29 C.F.R. § 778.117.

35. As a result of Web.com's corporate policies and practices requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before clocking in for work and failing to account for their commission payments in its calculations of Plaintiffs and the Putative Class Members' regular rates, Plaintiffs and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

36. Web.com has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

37. Web.com is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

38. Because Web.com did not pay Plaintiffs and the Putative Class Members for all hours worked and did not include all compensation into Plaintiffs and the Putative Class Member's regular rate of pay to determine the correct overtime premium to be applied to all hours worked in excess of forty (40) in a workweek, Web.com's pay policies and practices violate the FLSA.

39. Because Web.com did not pay Plaintiffs and the Putative Class Members for all hours they worked on behalf of Web.com, Web.com's pay policies and practices also violate Arizona state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
(**Collective Action Alleging FLSA Violations**)

**A.     FLSA COVERAGE**

40.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

41.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WEB.COM GROUP, INC. AT ANY TIME FROM JANUARY 30, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

42.     At all times hereinafter mentioned, Web.com has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43.     At all times hereinafter mentioned, Web.com has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44.     At all times hereinafter mentioned, Web.com has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had,

and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Web.com, these individuals have provided services for Web.com that involved interstate commerce for purposes of the FLSA.

46. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Web.com who assisted Web.com's customers who live throughout the United States. 29 U.S.C. § 203(j).

48. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

49. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

50. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Web.com.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

51.     Web.com has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

52.     Moreover, Web.com knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

53.     Web.com is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

54.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Web.com to pay them according to the law.

55.     The decisions and practices by Web.com to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

56.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  COLLECTIVE ACTION ALLEGATIONS**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Web.com's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

59. Other similarly situated employees of Web.com have been victimized by Web.com's patterns, practices, and policies, which are in willful violation of the FLSA.

60. The FLSA Collective Members are defined in Paragraph 41.

61. Web.com's failure to pay Plaintiffs and the Putative Class Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Web.com and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

62. Thus, Plaintiff Howard's experiences are typical of the experiences of the FLSA Collective Members.

63. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

64. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations— are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Web.com will retain the proceeds of its rampant violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Arizona Wage Laws)

**A.     VIOLATIONS OF ARIZONA LAW**

69. Plaintiffs incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

70. The Arizona Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WEB.COM GROUP, INC. IN THE STATE OF ARIZONA, AT ANY TIME FROM JANUARY 30, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

71. At all times hereinafter mentioned, Web.com has been an employer within the meaning of the Arizona Act, A.R.S. § 23-350(3).

72. At all times hereinafter mentioned, Plaintiff Howard and the Arizona Class Members have been employees within the meaning of the Arizona Act, A.R.S. § 25-

350(2).

## B. FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE ARIZONA ACT

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Web.com owes Plaintiff Howard and the Arizona Class Members wages, as defined in section 25-350(7) of the Act, to compensate them for labor and services they provided to Web.com in the furtherance of their job duties. *See* A.R.S. § 25-350(7), 351(C).

75. Plaintiff Howard and other Arizona Class Members were not (and currently are not) exempt from receiving overtime benefits under the Arizona Act.

76. Plaintiff Howard and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Web.com violated the Arizona Act by failing to pay Plaintiff Howard and other Arizona Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* A.R.S. § 25-350(7), 351(C).

77. Plaintiff Howard and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Web.com's acts or omissions as described herein; though Web.com is in possession and control of necessary documents and information from which Plaintiff Howard would be able to precisely calculate damages.

78. The Arizona Act provides that Plaintiff Howard and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 25-355(A).

79. In violating the Arizona Act, Web.com acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

80. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Arizona Act, is defined in Paragraph 70.

81. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Web.com.

**C.     ARIZONA CLASS ALLEGATIONS**

82. Plaintiff Howard brings his Arizona claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Web.com to work in Arizona at any time since January 30, 2018.

83. Class action treatment of Plaintiff Howard and the Arizona Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

84. The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

85. Plaintiff Howard is a member of the Arizona Class, his claims are typical of the claims of the other Arizona Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

86. Plaintiff Howard and his counsel will fairly and adequately represent the Arizona Class Members and their interests.

87. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. Accordingly, the Arizona Class should be certified as defined in Paragraph 70.

## VI.
## RELIEF SOUGHT

89. Plaintiffs respectfully pray for judgment against Web.com as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 41 and requiring Web.com to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Arizona Class as defined in Paragraph 70 and designating Plaintiff Howard as Class Representative of the Arizona Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding Web.com liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal

in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

  e. For an Order pursuant to Arizona law awarding Plaintiff Howard and the Arizona Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiffs Howard and Martinez a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Web.com, at Web.com's expense; and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 30th day of January 2019.

           LUBIN & ENOCH, P.C.
           ANDERSON ALEXANDER, PLLC

           By: /s/ Nicholas J. Enoch
             Nicholas J. Enoch

           Attorneys for Plaintiffs and the Putative Class Members

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all questions raised by the foregoing complaint.

DATED this 30th day of January 2019.

> LUBIN & ENOCH, P.C.
> ANDERSON ALEXANDER, PLLC
>
> By: /s/ Nicholas J. Enoch
>     Nicholas J. Enoch
>
> Attorneys for Plaintiffs and the Putative Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2019, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

> /s/ *Nicholas J. Enoch*
> Nicholas Enoch