NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey Howard, et al., | No. CV-19-00513-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Web.com Group Incorporated, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion For Final Approval of Class Action Settlement and FLSA Collective Action (Doc. 49) and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs (Doc. 50).

## I.    Background

After arms-length negotiations, the parties entered into a Class Action Settlement Agreement.  On July 8, 2020, the Court entered an Order denying in part and granting in part the Parties' Joint Motion for Preliminary Approval of Class Action Settlement and FLSA Collective Action.  (Doc. 44).  Thereafter, the parties filed an Amended Joint Motion (Doc. 47), and on September 18, 2020, the Court entered an Order conditionally granting the Parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement and FLSA Collective Action (Doc. 48).  Pursuant to the Preliminary Approval Order, the Court preliminarily approved the proposed settlement agreement, approved the form of the notice to class members, and set the date and time of the Fairness Hearing.

On January 26, 2021, the Court held a fairness hearing to determine whether the

settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class Members. (Doc. 52). The parties have submitted their Joint Motion For Final Approval of Class Action Settlement and FLSA Collective Action (Doc. 49) and an unopposed Motion for Attorneys' Fees and Costs (Doc. 50).

## II.    Discussion

The Court has reviewed and considered the Agreement, Final Approval Motion, Addendum, Attorneys' Fees Motion, and the record as a whole and makes the following findings.

### A.    Class and Collective Action Certification

Final approval of a class action settlement requires, as a threshold matter, an assessment of whether the class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b). *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019–1022 (9th Cir. 1998). Because no facts that would affect these requirements have changed since the Court preliminarily approved the class (Doc. 48), this Order incorporates by reference its prior analysis under Rules 23(a) and (b) as set forth in the order granting preliminary approval. The Court also finds that final certification of the collective action is proper. Accordingly, class certification is granted.

### B.    Settlement Agreement

The Court finds that adequate notice was sent to the settlement class members as required in Preliminary Approval Motion and no members objected or requested to be excluded from the class. The Court further finds that the settlement of this matter, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and the limited amount of any potential total recovery for the Class.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.    **Attorneys' Fees and Costs**

Class Counsel has filed a Motion for Attorneys' Fees and Costs (Doc. 50) of which there is no opposition from Defendant.  For the reasons stated herein, the Court finds the requested fees and expenses under the Agreement are fair and were reasonably and necessarily incurred.  The Motion proposes that, pursuant to the Agreement, $125,000.00 (25% of the gross settlement fund) will be awarded for Plaintiffs' reasonable attorneys' fees and $21,932.00 will be allocated for litigation expenses for the FLSA collective action and Rule 23 class action.

While the Court is approving the Settlement Agreement of the parties herein, the court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount."  *In re Bluetooth Headset Products Liab. Litig*., 654 F.3d 935, 941 (9th Cir. 2011).  Moreover, the Supreme Court has explained, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Where a settlement involves a common fund, courts typically award attorneys' fees based on a percentage of the total settlement.  *State of Fla. v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *see also In re Pac. Enters. Sec. Litig*., 47 F.3d 373, 379 (9th Cir. 1995) (affirming attorney's fee award of 33% of the recovery); *Morris v. Lifescan, Inc*., 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney's fee award of 33% of the recovery). "The Ninth Circuit has instructed that because the amount of fees is often open to dispute and because the parties are compromising to avoid further disputes, the district court need not inquire into the reasonableness of fees with the same level of scrutiny as when the amount of fees is litigated." *Wood v. Ionatron, Inc*., No. CV 06-354-TUC-CKJ, 2009 WL 10673479, at *5 (D. Ariz. Sept. 28, 2009) (*citing Staton v. Boeing Co*., 327 F.3d 938, 966 (9th Cir. 2003).

The Court finds that Class Counsel is entitled to an award of reasonable attorneys' fees and expenses in connection with the approved settlement.  See Fed. R. Civ. P. 23(h);

1    *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008). Accordingly, the

2    Court has reviewed the Motion, and all documents submitted in support thereof, including

3    Class Counsel's itemized time sheets and expenses and its affidavit regarding the attorneys

4    for whom the motion seeks reimbursement. The Court also takes into consideration that

5    the parties reached an agreement on the fee award following an arms-length negotiation.

6    As to reasonableness, the fee agreement between Plaintiffs and Class Counsel

7    provides for up to 40% of the gross settlement fund, but Class Counsel, in negotiations

8    with Defendant, has agreed to seek only 25% of the gross settlement fund. This is

9    reasonable under applicable Ninth Circuit case law. Moreover, the Court takes into

10   consideration that no class member objected to the fee arrangement. (Doc. 49-1).

11   The Court further finds that the 397 hours spent by Class Counsel on this matter to

12   be reasonable. Additionally, given that Class Counsel has been appointed in numerous

13   class and collective actions, including wage and hour cases, and that courts in this District

14   found similar rates appropriate, the Court finds that Class Counsel's requested rates are

15   reasonable. *See Ogletree v. Cafe Valley Inc*., 2018 WL 4179060, at *1 (D. Ariz. Apr. 13,

16   2018). Moreover, applying the lodestar calculation, the presumptive reasonable attorneys'

17   fees award is $158,652.50. (Doc. 50-1 at 13). However, here, Class Counsel only requests

18   an award of $125,000.00. Thus, the requested attorneys' fee award is less than the lodestar

19   amount. Therefore, the Court finds that the requested attorneys' fee award is reasonable

20   and will award Class Counsel $125,000.00 in attorney's fees and $22,052.92 in costs, as

21   agreed to by the parties.

22   Accordingly,

23   **IT IS HEREBY ORDERED**:

24   1.    Jurisdiction: The Court has jurisdiction over the subject matter of the Lawsuit

25   and over all settling parties hereto.

26   2.    Class Members: Pursuant to Rule 23(b)(3), the Lawsuit is hereby certified as

27   a class action on behalf of all individuals.

28   3.    Class Representative and Class Counsel Appointment: Pursuant to Rule 23,

the Court certifies Plaintiffs Casey Howard, Phil Martinez, Ben Azar, and Lori Astwood as the Class Representatives and Anderson Alexander, PLLC, as Class Counsel for the Class Members for settlement purposes only. The Court finds that Class Counsel and the Representative Plaintiffs adequately represented the Class for purposes of entering into and implementing the settlement.

4. <u>Class Notice and Claim Form</u>: Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(d) have been satisfied.

5. <u>Class Certification</u>: The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

      a.    the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

      b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

      c.    the claims of the Plaintiff are typical of the claims of the Class Members;

      d.    the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

      e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. <u>Fairness</u>: The Court finds that the settlement of the Lawsuit, on the terms and

conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying to the Class as much or more than the maximum statutory damages provided by law.

7.     <u>Agreement Terms</u>: The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof.

8.     <u>Objections and Exclusions</u>: The Class Members were given a fair and reasonable opportunity to object to the settlement.  No Class Member objected to the settlement.  This order is binding on all Class Members.

9.     <u>Release of Claims and Dismissal of Lawsuit</u>. The individual and class Releases set forth in the Agreement are hereby approved.  Pursuant to the release contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order.  Plaintiffs, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth herein.  This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding and may not be used as such.

10.     <u>Miscellaneous</u>: The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement,

including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

11.    <u>Incentive Payments</u>: The Service Awards for the Class Representatives are approved and shall be allocated among the recipients as follows: $2,500.00 for Casey Howard; $2,500.00 for Phil Martinez; $2,500.00 for Ben Azar; $2,500.00 for Lori Astwood for a total of $10,000.00 to compensate them for their unique services in initiating and/or maintaining this litigation.

**IT IS FURTHER ORDERED** the Joint Motion for Class Certification and Final Approval of Class Action Settlement (Doc. 49) is **GRANTED**.  The parties and settlement administrator are directed to implement this Order and the Agreement in accordance with the terms of the Agreement and this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs (Doc. 50) is **GRANTED** in the amount of $125,000.00 for attorneys' fees and $22,055.92 for costs.

**IT IS FINALLY ORDERED** that the Clerk is respectfully directed to terminate this action.

Dated this 16th day of March, 2021.


Honorable Diane J. Humetewa
United States District Judge